USDC SCAN INDEX SHEET

















ANDY   11/15/99   8:12

3:99-CV-02164   USA V. MARINO

*19*

*ANS.*

1    JUANITA R. BROOKS (CSB# 75934)
     McKENNA & CUNEO, L.L.P.
2    750 B Street, Suite 3300
     San Diego, California 92101
3    Telephone: (619) 595-5400
     Facsimile: (619) 595-5450
4

     Attorneys for Defendants ANGELO MARINO,
5    GLORIA MARINO, GREGORY MARINO, JOHN
     MARINO, KATHLEEN MARINO,
6    FRONT PAGE ART, INC.

7

8                 **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11
    UNITED STATES OF AMERICA,       CASE NO. 99 CV 2164-JM(RBB)
12
           Plaintiff,               **CLAIMANT'S ANSWER TO COMPLAINT**
13                           **FOR FORFEITURE**
          vs.
14
    ANGELO MARINO; GLORIA MARINO;    Complaint Filed: October 8, 1999
15   GREGORY MARINO; JOHN MARINO;
    KATHLEEN MARINO all d/b/a FRONT
16   PAGE ART, INC.; WAYNE BRAY d/b/a
    SPORTS AND CELEBRITY
17   AUTOGRAPH AUTHENTICATION and    **JURY TRIAL DEMANDED**
    W.W. SPORTSCARDS; and STANLEY
18   FITZGERALD d/b/a STAN THE MAN
    MEMORABILIA and STAN'S SPORTS
19   MEMORABILIA,

20           Defendants.

21

22

23

24       COMES NOW, ANGELO MARINO, GLORIA MARINO, GREGORY MARINO,

25   JOHN MARINO, KATHLEEN MARINO, and FRONT PAGE ART, INC., a Nevada

26   Corporation, hereinafter known as the Claimants, by and through their attorneys,

27   McKenna & Cuneo, L.L.P., hereby ANSWER the Plaintiff's Complaint for Forfeiture as

28   follows:



ANSWER TO COMPLAINT
99 CV 2164-JM(RBB)

1       1.  The allegations contained in Paragraph 1 of the Complaint assert conclusions
2   of law as to which no answer is required.

3       2.  The allegations contained in Paragraph 2 of the Complaint assert conclusions
4   of law as to which no answer is required.

5       3.  Claimants do not have knowledge of facts sufficient to admit or deny the
6   allegation contained in Paragraph 3 of the Complaint.

7       4.  Answering Paragraph 4, Claimants admit that Angelo Marino is a citizen of
8   the United States and the State of California and resides in this judicial district.
9   Claimants admit that Angelo Marino and the Marino family own the business Front
10  Page Art, Inc., a Nevada Corporation.

11      5.  Claimants are unable to answer Paragraph 5, as the Complaint does not
12  include a Paragraph 5.

13      6.  Answering Paragraph 6, Claimants admit that Gloria Marino is a citizen of the
14  United States and the State of California and resides in this judicial district.  Claimants
15  admit that Gloria Marino is the wife of Angelo Marino.

16      7.  Answering Paragraph 7, Claimants admit that Gregory Marino is a citizen of
17  the United States and the State of California and resides in this judicial district.
18  Claimants admit that Gregory Marino is the son of Angelo and Gloria Marino.

19      8.  Answering Paragraph 8, Claimants admit that John Marino is a citizen of the
20  United States and the State of California and resides in this judicial district.  Claimants
21  admit that John Marino is the son of Angelo and Gloria Marino.

22      9.  Answering Paragraph 9, Claimants admit that Kathleen Marino is a citizen of
23  the United States and the State of California and resides in this judicial district.
24  Claimants admit that Kathleen Marino is the wife of Gregory Marino.

25      10.  Claimants do not have knowledge of facts sufficient to admit or deny the
26  allegation contained in Paragraph 10 of the Complaint.

27

28                                  - 2 -

1    11.  Claimants do not have knowledge of facts sufficient to admit or deny the

2    allegation contained in Paragraph 11 of the Complaint.

3    12.  Claimants do not have knowledge of facts sufficient to admit or deny the

4    allegation contained in Paragraph 12 of the Complaint.

5    13.  Claimants do not have knowledge of facts sufficient to admit or deny the

6    allegation contained in Paragraph 13 of the Complaint.

7    14.  Claimants deny each and every allegation contained in Paragraph 14 of the

8    Complaint.

9    15.  Claimants admit that they purchase or otherwise procure sports and

10   celebrity-related items.  Claimants deny all other allegations contained in Paragraph 15

11   of the Complaint.

12   16.  Claimants deny each and every allegation contained in Paragraph 16 of the

13   Complaint.

14   17.  Claimants deny each and every allegation contained in Paragraph 17 of the

15   Complaint.

16   18.  Claimants deny each and every allegation contained in Paragraph 18 of the

17   Complaint.

18   19.  Claimants deny each and every allegation contained in Paragraph 19 of the

19   Complaint.

20   20.  Claimants deny each and every allegation contained in Paragraph 20 of the

21   Complaint.

22   21.  Claimants deny each and every allegation contained in Paragraph 21 of the

23   Complaint.

24   22.  Claimants deny each and every allegation contained in Paragraph 22 of the

25   Complaint.

26

27

28

- 3 -

1        23.  Claimants either have insufficient knowledge of facts to admit or deny the

2  allegations contained in Paragraph 23 of the Complaint, or deny each and every

3  allegation contained therein.

4        24.  Claimants deny each and every allegation contained in Paragraph 24 of the

5  Complaint.

6        25.  Claimants deny each and every allegation contained in Paragraph 25 of the

7  Complaint.

8        26.  Claimants either have insufficient knowledge of facts to admit or deny the

9  allegations contained in Paragraph 26 of the Complaint, or deny each and every

10  allegation contained therein.

11        27.  Claimants are unable to answer Paragraph 27, as the Complaint does not

12  include a Paragraph 27.

13        28.  Claimants are unable to answer Paragraph 28, as the Complaint does not

14  include a Paragraph 28.

15        29.  Claimants are unable to answer Paragraph 29, as the Complaint does not

16  include a Paragraph 29.

17        30.  Claimants are unable to answer Paragraph 30, as the Complaint does not

18  include a Paragraph 30.

19        31.  Claimants deny each and every allegation in Paragraph 31 of the

20  Complaint.

21  **AFFIRMATIVE DEFENSES**

22        32.  Claimants assert that the subject Complaint as stated fails to state facts

23  sufficient to constitute a cause of action against the Defendants.

24        33.  Claimants assert that the Plaintiff lacks probable cause for the institution of

25  this action and suit.

26        34.  Claimants assert that the Plaintiff is barred from recovery based on the

27  doctrine of unclean hands.

28

- 4 -

99 CV 2164-JM(RBB)

1      35.  Without waiving any defense asserted above, Claimants further assert that

2    the Defendant property is not subject to forfeiture on the basis that any act or omission,

3    if any, on the part of any other individual that would potentially give rise to forfeiture of

4    the Defendant property was committed or omitted without the knowledge or consent of

5    the Claimants.

6      36.  Claimants allege that the seizure of the Defendant property was committed

7    in violation of the Fourth Amendment and/or Due Process Clause of the Fifth

8    Amendment to the United States Constitution.

9      37.  Claimants reserve the right to supplement and amend this Answer as

10    necessary as matters develop through discovery of certain facts or circumstances

11    regarding the Plaintiff's Complaint for Forfeiture and specifically reserve their right to

12    file any applicable counterclaims.

13      38.  Claimants demand trial by jury on the issues and defenses raised by their

14    claim and Answer.

15    \\\\\

16    \\\\\

17    \\\\\

18    \\\\\

19    \\\\\

20    \\\\\

21    \\\\\

22    \\\\\

23    \\\\\

24    \\\\\

25    \\\\\

26    \\\\\

27    \\\\\

28                                - 5 -

1    WHEREFORE, Claimants ANGELO MARINO, GLORIA MARINO, GREGORY

2  MARINO, JOHN MARINO, KATHLEEN MARINO, and FRONT PAGE ART, INC., a

3  Nevada Corporation, pray for judgment as follows:

4    1.  Dismiss Plaintiff's Complaint for Forfeiture and enter judgment on behalf of

5  the Claimants;

6    2.  Plaintiff take nothing by reason of this suit, and the Defendant property be

7  returned to Claimants;

8    3.  Award costs and attorneys' fees to the Claimants;

9    4.  For such other and further relief as the Court may deem just and proper.

10

11  Dated:    November 12, 1999        Respectfully submitted,

12                                     McKENNA & CUNEO, L.L.P.

13

14                             By  _____

15                                         JUANITA R. BROOKS

16                                 Attorneys for Defendants ANGELO MARINO,
                                    GLORIA MARINO, GREGORY MARINO,
                                    JOHN MARINO, KATHLEEN MARINO,
17                                  FRONT PAGE ART, INC.

18
   22018972.1
19

20

21

22

23

24

25

26

27

28                              - 6 -

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | 99 cv 2164-JM (RBB) |
| Plaintiff, | |
| vs. | **DECLARATION OF SERVICE** |
| ANGELO MARINO, et al. | |
| (and related Counterclaim) | |

I, the undersigned, declare under penalty of perjury that I am over the age of 18 years and not a party to the above-entitled action; that I caused to be served the foregoing

- **STIPULATION AND ORDER TO EXTEND DATE TO FILE ANSWER; and**

- **CLAIMANT'S ANSWER TO COMPLAINT FOR FORFEITURE**

in the following manner:

1)_X_  By personally delivering copies to the person served:  F. PETERLLIA (clerk)

United States Attorney's Office
Stephen J. Segreto, Assistant U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101

Attorneys for Plaintiff,
UNITED STATES OF AMERICA

Served on November 12, 1999 at 12:00 a.m./pm.

2)_X_  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3)____  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)___  By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California, on _____, 1999.

Executed November 12, 1999, at San Diego, California.

98cv0413